**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. ISHANTA HURD-SHOALS, an individual, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 15-CV-347-JHP-PJC |
| v. | ) ) | JURY TRIAL DEMANDED |
| 1. G4S SECURE SOLUTIONS (USA), INC., a foreign corporation, | ) ) ) | ATTORNEY LIEN CLAIMED FOR THE FIRM |
| Defendant. | ) | |

**COMPLAINT**

**COMES NOW** the Plaintiff, Ishanta Hurd-Shoals ("Plaintiff"), through undersigned counsel, and hereby submits the following Complaint against G4S Secure Solutions (USA), Inc. ("Defendant"). In support thereof, Plaintiff hereby states and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611, *et seq.*, and the laws of the State of Oklahoma.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §1343(a)(4) and 28 U.S.C. §1331. Jurisdiction is also invoked pursuant to 28 U.S.C. § 1367, for any supplemental state law claims.

3. Declaratory and equitable relief is sought pursuant to 42 U.S.C. § 12117, 28 U.S.C. § 2201 and 28 U.S.C. § 2202, as are compensatory and punitive damages.

4. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure, 42 U.S.C. §§ 2000e, *et seq.*, 29 U.S.C. §§ 2611, *et seq.* and 42 U.S.C. § 12117.

5. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1391(b), because the claims herein arose in this judicial district.

## PARTIES

6. Plaintiff is, and was at all times hereinafter mentioned, domiciled in and a citizen of the State of Oklahoma. At all time relevant hereto, Plaintiff met the definitions of "employee" codified in Title VII, the ADA, and the FMLA.

7. Plaintiff suffered from a serious health condition that required her to miss work, thus making her eligible for the protections afforded under the FMLA. Specifically, Plaintiff suffered from a "serious health condition" in the form of illnesses that involved continuing treatment by a healthcare provider and suffered periods of incapacity of more than three consecutive calendar days and received subsequent treatment by a healthcare provider on at least one occasion which resulted in a regimen of continuing treatment in the form of prescription medication under the supervision of a healthcare provider. 29 C.F.R. § 825.114(a)(2)(i)(B).

8. Defendant is a foreign, conducting business within the Northern District of Oklahoma.

9. Defendant is an employer as defined by the ADA, in that at all times relevant to the filing of this cause of action, Defendant has employed in excess of fifteen (15) employees, during each of twenty (20) or more calendar workweeks in the current preceding calendar year.

10. Defendant is an employer as defined by the FMLA, in that at all times relevant to this cause of action, it employed in excess of fifty (50) employees, during each of the twenty (20) or more calendar workweeks in the current proceeding calendar year.

11. Defendant is an "employer" as that term is defined by Title VII in that, at the relevant times, it employed in excess of 15 full- and part-time employees in each of twenty or more calendar weeks.

12. In conformance with Title VII and ADA statutory prerequisites, Plaintiff filed a Charge of Discrimination with the EEOC against Defendant on or about August 29, 2014. The EEOC issued a right to sue letter on March 25, 2015 (attached as Exhibit "1" and hereby incorporated by reference as though fully set forth herein). Plaintiff did not receive a copy of her Notice of Right to Sue until March 28, 2015.

## OPERATIVE FACTS

13. Plaintiff initially became employed by Defendant in January of 2012, at which time she was assigned to work as an armed security officer at the Google plant located in Pryor, OK.

14. While in this assignment, Plaintiff was working as a custom protection officer and her duties were to secure the plant and protect all the information being stored in the facility.

15. After approximately six months, Plaintiff was promoted to Area Supervisor. In this position, Plaintiff was tasked with hiring and terminating employees, supervising armed and unarmed security offices, managing accounts and other tasks. As part of this promotion, Plaintiff was assigned the rank of Major and was transferred to Defendant's corporate office located in Tulsa, OK. At this time, Plaintiff's immediate supervisor became Marion Parson, Operations Manager.

16. After the promotion, Plaintiff was assigned to be Defendant's Workers' Compensation Coordinator, which required her to complete Workers' Compensation paperwork on behalf of Defendant and to attend hearings and testify during those hearings as appropriate.

17. Plaintiff was also assigned administrative responsibility for responding to unemployment claims filed against Defendant by employees supervised out of its Tulsa office. In doing so, Plaintiff was required to gather relevant documentation for submission to the Oklahoma Employment Security Commission, to submit that paperwork and appropriate position statements to the Commission, and to attend hearings to testify on behalf of Defendant when it contested benefits.

18. Plaintiff was also assigned duties which required her to conduct investigations into employee complaints of discriminatory treatment under Defendant's policies and procedures, Title VII, the ADA and civil rights violations. After conducting these investigations, Plaintiff was responsible for completing a detailed report regarding her findings and to address whether the employee's claims were substantiated by her investigation.

19. While fulfilling her duties related to terminating employees, Plaintiff's immediate supervisor,

Mr. Parson, ordered her to terminate African American employees and female employees so as to insulate Defendant from claims that they were being terminated due to their race or gender.

20. While fulfilling her duties related to administering Workers' Compensation Claims, Mr. Parson ordered Plaintiff to lie on certain Workers' Compensation forms used by Defendant so it would appear that the company was not liable for employees' injuries even though the injuries clearly happened within the course and scope of the employees' employment.

21. While fulfilling her duties related to administering unemployment claims, Mr. Parson would regularly instruct Plaintiff to provide false information to the Oklahoma Employment Security Commission. When Plaintiff refused to do so, Mr. Parson gave Plaintiff information that she later learned was completely fabricated by Mr. Parson. When Plaintiff learned that the information provided by Mr. Parson was fabricated, and the employee had been denied benefits, she immediately contacted the Oklahoma Employment Security Commission to report that fraudulent information had been submitted in opposition of the employee's claim. Additionally, Plaintiff advised another Area supervisor, Jonathan Woods, of the fact that she was contacting the Commission to report this information.

22. When fulfilling her duties related to conducting investigations into discrimination complaints, Mr. Parson ordered Plaintiff to lie in her reports to show that there was no evidence of any violations. Plaintiff refused to change the results of her investigation and was reassigned from investigations she was conducting for that refusal.

23. In one particular investigation, an employee reported that she felt she was being discriminated against because of her race. After investigating, Plaintiff's findings were that the employee was genuinely being targeted and discriminated against because of her race. Plaintiff reported her findings to Mr. Parson, who instructed Plaintiff to write a report reflecting no finding of discrimination. In so doing, Mr. Parson stated that telling the truth would "cost the company a lot of money if she sues." I refused to lie and the investigation was reassigned to another area supervisor.

24. While serving under Mr. Parson, Plaintiff was subjected a hostile work environment due to her race and gender. Representative examples of the behavior at issue includes, without limitation, the following acts:

   a. Plaintiff was informed that the only reason she was promoted was because she was an African-American female and Defendant had to demonstrate diversity in its office.

   b. Mr. Parson regularly referred to Plaintiff as his "secretary" and would order her to perform administrative tasks in line with that description. He did not, however, require similarly situated male co-workers to perform those tasks or refer to them as "secretaries."

   c. Plaintiff was ordered to terminate females so the terminated employees could not argue that their gender had anything to do with their termination.

   d. Plaintiff was ordered to terminate African-American employees so the terminated employees could not argue that their race had anything to do with their termination.

   e. Plaintiff was told by Virgil Wallace that she would be run off like the other African-American people had been.

   f. Plaintiff was told by Virgil Wallace that she was being paid much less than similarly-situated male co-workers who performed the same work as she did.

   g. Plaintiff was reprimanded by Mr. Parson for not conducting a safety meeting on one of my assigned sites during a time that she was on FMLA leave. Plaintiff made a formal complaint and Joseph Bickford informed her that the reprimand would be removed from her file.

   h, Plaintiff was required to record all termination meetings per the instructions of Mr. Parson and then submit them to him via email so as to perceive evidence that she was terminating employees in case of a lawsuit even though no other Area Supervisor was required to do so.

   i. Mr. Parson assigned Plaintiff the duty of getting lunch for everyone in the office every day. Plaintiff had to take the orders, then driver her personal car to get the food

       even though no other employee was required to do so.

25. In late-November of 2013, Plaintiff passed out while driving to work and had an accident. Plaintiff was taken to the hospital, diagnosed with supraventricular tachycardia and was advised to undergo a surgical procedure.

26. Plaintiff requested FMLA paperwork from Defendant's H.R. Manager, Patricia Mendoza, and, after it was completed, ensured that it was submitted. Plaintiff was never, to her knowledge, placed on the requested leave and, upon information and belief, Defendant counted those absences against her under its attendance program. Additionally, Plaintiff was required by Mr. Parson to work from home while she was supposed to be off on the FMLA leave and shortened her leave, at Mr. Parson's direction, to address his complaints about her absence.

27. Plaintiff did return to work, but began experiencing complications to the medication she was given to control the tachycardia and, additionally, began experiencing heart rhythm problems which caused her to be hospitalized again.

28. Plaintiff was required by Mr. Parson to get a stress test done before she could return to work which was not G4S policy nor required of any other employee. Plaintiff also had another physical at the request of Mr. Parson and Mr. Bickford after returning to work which is also not policy nor required of any other employee.

29. All licensed uniformed office staff carry firearms daily. Plaintiff was advised that she would not be allowed to work armed until her medical condition was resolved even though she was on medication to control her condition and the physician had released her to return to work with no restrictions. No other employee was ever disarmed due to a medical disabilities, including a white male supervisor who had a heart attack.

28. Approximately one week later, Plaintiff returned to work and was told that she was demoted and would be sent to work in the field as a security guard. At that time, Joseph Bickford, the General Manager, informed Plaintiff that it would be "less stressful on [her] heart."

29. Plaintiff's work restrictions, related to her disabling knee condition, of which she informed

6

    Defendant at the time of her hire, did not allow Plaintiff to fulfill the duties of an on site security guard and she, again, requested reinstatement to her former position. When this was refused, Plaintiff submitted a complaint regarding all of the discriminatory treatment she had been subjected to during her employment, including the FMLA violation, the Gender and Race discrimination she was subjected to, and Defendant's failure to accommodate her disability, to Defendant's Ombudsman, John Woods. This complaint was never resolved through Defendant's internal grievance procedure.

30. After Plaintiff reported the discrimination to Defendant, the General Manager, Mr. Bickford, contacted Plaintiff by text message and advised her that it would be better if they just go their separate ways, thus terminating her employment.

31. Plaintiff was never properly reinstated to the Area Supervisor position and, by February of 2014, she had been terminated due to the complaints she made regarding the discriminatory treatment she had been subjected to and her refusal to perform fraudulent acts on behalf of Defendant.

## FIRST CLAIM FOR RELIEF

## (FMLA INTERFERENCE IN VIOLATION OF 29 U.S.C. § 2611, *et seq.*

32. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully alleged herein and would further state:

33. At all times relevant to this cause of action, Plaintiff was an eligible employee under the FMLA and was entitled to medical leave.

34. Defendant interfered with Plaintiff's right to personal care medical leave by refusing to provide her with the status of her requests for medical leave, disciplining Plaintiff for her absences due to a qualified medical leaves, failing to restore Plaintiff to her previous position following a qualified medical leave, and terminating Plaintiff employment.

35. The motivating reason for Defendant's interference was Plaintiff's absences from employment on qualified FMLA medical leaves after placing her employer on notice of her need for FMLA leave.

7

36. The events described herein constitute a clear, substantial, and egregious violation of the FMLA, which prohibits interference with FMLA rights and requires reinstatement of an employee upon completion of a qualified leave under the FMLA.

37. Plaintiff provided Defendant with notice of her serious health conditions, which were protected under the FMLA.

38. Plaintiff's termination was a clear, direct and substantial violation of the FMLA, which states, in relevant part, that it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

39. As a result of the aforementioned violations, Defendant thereby injured Plaintiff, depriving her of exercising her rights and privileges of employment, by terminating her for taking time off due to suffering from a serious health condition.

**WHEREFORE**, Plaintiff prays that Defendant appear and answer this Complaint, and that this Court declare the conduct Defendant engaged in to be in violation of Plaintiffs' rights, enjoin Defendant from engaging in such conduct, enter a judgment for Plaintiff in an amount in excess of $100,000.00, plus interest, costs, attorney fees, and liquidated damages, order that Plaintiff be reinstated to her former position, or award front pay in lieu thereof, and grant such other and further relief as this Court may deem just and proper.

## SECOND CLAIM FOR RELIEF
## (FMLA RETALIATION IN VIOLATION OF 29 U.S.C. §§ 2611, *et. seq.*)

40. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully alleged herein and would further state:

41. Defendant demoted Plaintiff upon her return from a qualified FMLA medical leave and terminated her employment after she formally complained about Defendant's refusal to reinstate Plaintiff to her proper position, as required by the FMLA.

42. The motivating reason for Plaintiff's termination was the exercise and/or attempted exercise of her rights under the FMLA and her complaint that Defendant failed to comply with the FMLA when it refused to reinstate her to her former position upon her return from an

FMLA-qualified leave.

43. Plaintiff was denied her right to restoration of employment after completion of a qualified medical leave under the FMLA.

44. The events described herein constitute a clear, substantial, and egregious violation of the FMLA, which requires reinstatement of an employee upon completion of a qualified leave under the FMLA.

45. Plaintiff's termination was a clear, direct and substantial violation of the FMLA, which states, in relevant part, that it shall be unlawful for any person to discharge or in any manner discriminate against any individual for exercising their rights under that Act.

46. Plaintiff was discriminated against and/or retaliated against for exercising her right to medical leave pursuant to the FMLA.

47. As a result of the aforementioned violations, Defendant thereby injured Plaintiff, depriving her of exercising her rights and privileges of employment, by terminating Plaintiff for exercising and/or attempting to exercise of her rights under the FMLA and her complaint that Defendant failed to comply with the FMLA when it refused to reinstate her to her former position upon her return from an FMLA-qualified leave.

**WHEREFORE**, Plaintiff prays that Defendant appear and answer this Complaint, and that this Court declare the conduct Defendant engaged in to be in violation of Plaintiffs' rights, enjoin Defendant from engaging in such conduct, enter a judgment for Plaintiff in an amount in excess of $100,000.00, plus interest, costs, attorney fees, and liquidated damages, order that Plaintiff be reinstated to her former position, or award front pay in lieu thereof, and grant such other and further relief as this Court may deem just and proper.

## THIRD CLAIM FOR RELIEF

### (GENDER DISCRIMINATION IN VIOLATION OF TITLE VII)

48. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully alleged herein and would further state:

49. That, as a member of a protected class, to wit: female, Plaintiff is protected by the provisions

of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.;

50. That the hostile work environment and disparate treatment of Plaintiff by Defendant and its employees and/or agents was a direct result of discrimination on the basis of her gender as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.;

51. That Plaintiff was unfairly treated and that the motivating reason for this treatment was based on her gender, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.;

52. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts;

53. That the conduct complained of constitutes illegal gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages; (4) order Plaintiff be reinstated to her former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## FOURTH CLAIM FOR RELIEF
### (RACE DISCRIMINATION IN VIOLATION OF TITLE VII)

54. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully alleged herein and would further state:

55. That, as a member of a protected class, to wit: African-American, Plaintiff is protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.;

56. That the hostile work environment and disparate treatment of Plaintiff by Defendant and its employees and/or agents was a direct result of discrimination on the basis of her race as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

57. That Plaintiff was unfairly treated and that the motivating reason for this treatment was based on her race, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

58. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts;

59. That the conduct complained of constitutes illegal gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages; (4) order Plaintiff be reinstated to her former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

### FIFTH CLAIM FOR RELIEF
### (RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981)

60. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully alleged herein and would further state:

61. That, as a member of a protected class, to wit: African-American, Plaintiff is protected by the provisions of 42 U.S.C. § 1981;

62. That the hostile work environment and disparate treatment of Plaintiff by Defendant and its employees and/or agents was a direct result of discrimination on the basis of her race as prohibited by 42 U.S.C. § 1981;

63. That Plaintiff was unfairly treated and that the motivating reason for this treatment was based on her race, as prohibited by 42 U.S.C. § 1981;

64. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts;

65. That the conduct complained of constitutes illegal gender discrimination in violation of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages; (4) order Plaintiff be reinstated to her former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## SIXTH CLAIM FOR RELIEF
### (RETALIATION / OPPOSITION IN VIOLATION OF TITLE VII)

66. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully alleged herein and would further state:

67. As a member of a protected class, to wit: a person who opposes the discrimination another is subjected to, Plaintiff is protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

68. The disparate treatment of Plaintiff by Defendant and its employees and/or agents was a direct result of retaliation on the basis of her opposition of discrimination, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

69. Plaintiff was repeatedly treated unfairly and ultimately terminated, and a motivating reason for these acts was based on her opposition of discrimination, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

70. Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances and by allowing the acts to occur after receiving actual and constructive notice of the acts from Plaintiff.

71. The conduct complained of constitutes illegal retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages; (4) order Plaintiff be reinstated to her former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## SEVENTH CLAIM FOR RELIEF
## (RETALIATION IN VIOLATION OF TITLE VII)

72. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully alleged herein and would further state:

73. As a member of a protected class, to wit: a person who reports discrimination she was subjected to, Plaintiff is protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

74. The disparate treatment of Plaintiff by Defendant and its employees and/or agents was a direct result of retaliation on the basis of her reporting the discrimination she was subjected to, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

75. Plaintiff was repeatedly treated unfairly and ultimately terminated, and a motivating reason for these acts was based on her reporting the discrimination she was subjected to, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

76. Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances and by allowing the acts to occur after receiving

actual and constructive notice of the acts from Plaintiff.

77. The conduct complained of constitutes illegal retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages; (4) order Plaintiff be reinstated to her former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## EIGHTH CLAIM FOR RELIEF
## (RETALIATION / OPPOSITION IN VIOLATION OF 42 U.S.C. § 1981)

78. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully alleged herein and would further state:

79. As a member of a protected class, to wit: a person who opposes the discrimination another is subjected to, Plaintiff is protected by the provisions of 42 U.S.C. § 1981.

80. The disparate treatment of Plaintiff by Defendant and its employees and/or agents was a direct result of retaliation on the basis of her opposition of discrimination, as prohibited by 42 U.S.C. § 1981.

81. Plaintiff was repeatedly treated unfairly and ultimately terminated, and a motivating reason for these acts was based on her opposition of discrimination, as prohibited by 42 U.S.C. § 1981.

82. Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances and by allowing the acts to occur after receiving actual and constructive notice of the acts from Plaintiff.

83. The conduct complained of constitutes illegal retaliation in violation of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and

that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages; (4) order Plaintiff be reinstated to her former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## NINTH CLAIM FOR RELIEF
## (RETALIATION IN VIOLATION OF 42 U.S.C. § 1981)

84. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully alleged herein and would further state:

85. As a member of a protected class, to wit: a person who reports discrimination she was subjected to, Plaintiff is protected by the provisions of 42 U.S.C. § 1981.

86. The disparate treatment of Plaintiff by Defendant and its employees and/or agents was a direct result of retaliation on the basis of her reporting the discrimination she was subjected to, as prohibited by 42 U.S.C. § 1981.

87. Plaintiff was repeatedly treated unfairly and ultimately terminated, and a motivating reason for these acts was based on her reporting the discrimination she was subjected to, as prohibited by 42 U.S.C. § 1981.

88. Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances and by allowing the acts to occur after receiving actual and constructive notice of the acts from Plaintiff.

89. The conduct complained of constitutes illegal retaliation in violation of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages; (4) order Plaintiff be reinstated to her former position, or receive front pay in lieu

thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## TENTH CLAIM FOR RELIEF
## (DISCRIMINATION IN VIOLATION OF THE ADA)

90. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully alleged herein and would further state:

91. Plaintiff was, maliciously and in reckless disregard of her rights, discriminated against in her employment with Defendant on the basis of her record of having said disability.

92. Defendant knew or should have known of the disability and participated in the discrimination by permitting its agents and/or employees to place Plaintiff in a position which violated the restrictions placed on her by her physician without presenting a reasonable accommodation to Plaintiff upon her request for same.

93. After learning of the discrimination, Defendant failed to take prompt corrective action.

94. Plaintiff's denial of employment was caused in full or in part as a result of this discrimination, in direct contravention of the ADA.

95. By and through, but not limited to, the events described above, Plaintiff's terms and conditions of employment were adversely affected by the disability discrimination directed towards her.

96. By and through, but not limited to, the actions described above, Defendant has violated the ADA.

97. As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

98. Defendant's actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting the award of punitive damages to her.

99. Plaintiff has been injured by this discrimination, and is entitled to compensatory and punitive

damages and any other damages allowed under the ADA.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages; (4) order Plaintiff be reinstated to her former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## ELEVENTH CLAIM FOR RELIEF
## (ADA RETALIATION)

100. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully alleged herein and would further state:

101. That Plaintiff exercised her federally protected right to oppose Defendant's act or practice of unlawful discrimination based on her disability, as protected by 42 U.S.C. § 12203.

102. That Plaintiff suffered an adverse employment action from Defendant contemporaneous or subsequent to her opposition to Defendant's discrimination.

103. As a direct result of Plaintiff's opposition, Defendant retaliated against Plaintiff for exercising her federally protected rights to oppose discrimination that she sustained in the workplace.

104. As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

105. Defendant's actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting the award of punitive damages to her.

106. Plaintiff has been injured by this discrimination, and is entitled to compensatory and punitive damages and any other damages allowed under the ADA.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages; (4) order Plaintiff be reinstated to her former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## TWELFTH CLAIM FOR RELIEF
## (WRONGFUL TERMINATION IN VIOLATION OF OKLAHOMA PUBLIC POLICY)

107. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully alleged herein and would further state:

108. Oklahoma law prohibits employers from providing false testimony and/or information during administrative and judicial proceedings. Okla. Stat. tit. 21, § 1663 (workers' compensation); Okla. Stat. tit. 40, § 5-103 (unemployment).

109. Plaintiff was terminated for performing an act in furtherance of this public policy when she refused to provide false and/or fraudulent testimony and/or documents during administrative and judicial proceedings. *Burk v. K-Mart Corp.*, 1989 OK 22, 770 P.2d 21; *Darrow v. Integris Health, Inc.*, 2008 OK 1, 176 P.3d 1204.

110. Defendant terminated Plaintiff and the motivating reason for her termination was Plaintiff's refusal to violate Oklahoma law.

111. Defendant did terminate Plaintiff in contravention of a clear mandate of public policy, as articulated by constitutional, statutory, administrative and decisional law.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages; (4) order Plaintiff be reinstated to her former position, or receive front pay in lieu

thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

ARMSTRONG & VAUGHT, P.L.C.

*/s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
2727 East 21st Street, Suite 505
Tulsa, Oklahoma 74114
(918) 582-2500
(918) 583-1755 (facsimile)
cvaught@a-vlaw.com
**Attorney for Plaintiff**